**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-1576; ALLEN et al v. STEIN et al |
| **Originating No. & Caption** | 5:15-cv-00627-BO; ALLEN et al v. COOPER et al |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | April 7, 2026 | |
| Date notice of appeal or petition for review filed | May 7, 2026 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ○ No |
| Has transcript been filed in district court? | ⦿ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 17-1522 etc;21-2040;24-1954;SCt 18-877 | |
| Case number of any pending appeal in same case | 25A-1253 (Supreme Court) | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| As relevant to this appeal, Plaintiffs' lawsuit alleges that North Carolina together with its agencies and its officials (collectively, North Carolina) violated their copyrights by reproducing and publishing video and still images taken by Allen of the underwater reclamation of Blackbeard's pirate ship. Plaintiffs sought and received leave to amend their complaint. Defendants moved to strike portions of the complaint as improperly filed, and moved to dismiss the complaint on sovereign immunity grounds.  The district court granted Defendants' motion in part. The court struck several counts from Plaintiffs' complaint as procedurally improper, and dismissed Plaintiffs' takings claims as barred by sovereign immunity.  At the same time, the court rejected Defendants' sovereign immunity arguments with respect to Plaintiffs' copyright-due process claims.  Defendants took an immediate appeal with respect to the portions of the district court order denying their motion to dismiss.  That appeal resulted in an order from this Court to dismiss the remaining claims with prejudice and enter final judgment against the Plaintiffs. Now that final judgment has been entered, Plaintiffs now appeal from those portions of the orders in the case adverse to Plaintiffs that were not at issue or not disposed of in prior appeals. |

| Issues (Non-binding statement of issues on appeal.  Attach additional page if necessary) |
|---|
| • The district court's order at ECF #168 granted Defendants' motion to strike counts from the second amended complaint, although Rule 15 provides that leave to amend should freely be granted.  Given the early stage of the case, prior even to the filing of a first answer by North Carolina, the new claims in the complaint were reasonable and should have been allowed.<br>• The district court erred in granting Defendants' motion to dismiss as to Plaintiffs' Takings Claims under the Fifth and Fourteenth Amendments for at least the following reasons:<br>   o The district court erred in concluding that the reasoning of Hutto v. South Carolina Retirement System, 773 F.3d 526 (4th Cir. 2014) and Zito v. North Carolina Coastal Resources Commission, 8 F .4th 281 ( 4th Cir. 2021) apply where the alleged taking relates to a property interest (here, copyright) created by federal law. The decisions of this Court in Hutto and Zito are inconsistent with the Supreme Court's decision in Knick v.  Township of Scott, 588 U.S. 180 (2019).  While the district court was bound by Hutto and Zito, those decisions were wrongly decided and should be overruled.<br>   o The district court erred in concluding (under Hutto and Zito) that state courts offer a "reasonable, certain, and adequate" means for challenging the alleged takings.<br>   o The district court erred in rejecting Allen's argument for abrogation under United States v. Georgia, including with respect to its conclusion that the alleged copyright infringements constituted a taking. |

| Adverse Parties (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.) | |
|---|---|
| Adverse Party: Joshua Stein<br><br>Attorney: Nicholas Brod; Olga Vysotskaya de Brito<br>Address: NC Dept. of Justice<br>PO Box 629<br>Raleigh, NC<br><br>E-mail: nbrod@ncdoj.gov; ovysotskaya@ncdoj.gov<br><br>Phone: (919) 716-6400; (919) 716-0185 | Adverse Party: State of North Carolina<br><br>Attorney: Nicholas Brod; Olga Vysotskaya de Brito<br>Address: NC Dept. of Justice<br>PO Box 629<br>Raleigh, NC<br><br>E-mail: nbrod@ncdoj.gov; ovysotskaya@ncdoj.gov<br><br>Phone: (919) 716-6400; (919) 716-0185 |
| **Adverse Parties (continued)** | |
| Adverse Party: NC Dept of Natural & Cultural Res.<br><br>Attorney: Nicholas Brod; Olga Vysotskaya de Brito<br>Address: NC Dept. of Justice<br>PO Box 629<br>Raleigh, NC<br><br>E-mail: nbrod@ncdoj.gov; ovysotskaya@ncdoj.gov<br><br>Phone: (919) 716-6400; (919) 716-0185 | Adverse Party: Sarah Koonts<br><br>Attorney: Nicholas Brod; Olga Vysotskaya de Brito<br>Address: NC Dept. of Justice<br>PO Box 629<br>Raleigh, NC<br><br>E-mail: nbrod@ncdoj.gov; ovysotskaya@ncdoj.gov<br><br>Phone: (919) 716-6400; (919) 716-0185 |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: D. Reid Wilson <br><br> Attorney: Nicholas Brod; Olga Vysotskaya de Brito <br> Address: NC Dept. of Justice <br> PO Box 629 <br> Raleigh, NC <br><br> E-mail: nbrod@ncdoj.gov;ovysotskaya@ncdoj.gov <br><br> Phone: (919) 716-6400; (919) 716-0185 | Name: Joseph K. Schwarzer, II <br><br> Attorney: Nicholas Brod; Olga Vysotskaya de Brito <br> Address: NC Dept. of Justice <br> PO Box 629 <br> Raleigh, NC <br><br> E-mail: nbrod@ncdoj.gov; ovysotskaya@ncdoj.gov <br><br> Phone: (919) 716-6400; (919) 716-0185 |

| **Appellant (continued)** | |
|---|---|
| Name: Mike Carraway <br><br> Attorney: Nicholas Brod; Olga Vysotskaya de Brito <br> Address: NC Dept. of Justice <br> PO Box 629 <br> Raleigh, NC <br><br> E-mail: nbrod@ncdoj.gov;ovysotskaya@ncdoj.gov <br><br> Phone: (919) 716-6400; (919) 716-0185 | Name: John W. Morris, a/k/a Billy Ray Morris <br><br> Attorney: Nicholas Brod; Olga Vysotskaya de Brito <br> Address: NC Dept. of Justice <br> PO Box 629 <br> Raleigh, NC <br><br> E-mail: nbrod@ncdoj.gov;ovysotskaya@ncdoj.gov <br><br> Phone: (919) 716-6400; (919) 716-0185 |

**Signature:** /s/ Susan Freya Olive        **Date:** 5/22/2026

**Counsel for:** Frederick L. Allen and Nautilus Productions, LLC, Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                         Date:

**26-1576; ALLEN et al v. STEIN et al**
DOCKETING STATEMENT ATTACHMENT

**Appellants (Cont'd)**

Additional parties named as defendants in the district court and/or identified in the final judgment are listed below.  All of the defendants identified below are sued in their official capacities as officials and/or employees of the State of North Carolina, and are represented by Nicholas Brod and Olga Vysotskaya de Brito of the North Carolina Department of Justice:

> NC Dept. of Justice
> PO Box 629
> Raleigh, NC
> Email:  nbrod@ncdoj.gov; ovyostskaya@ncdoj.gov
> Phone: (919) 716-6400; (919) 716-0185

who already have entered an appearance on behalf of all defendant-appellees:

1. Roy Cooper, in his [former] capacity as governor of North Carolina
2. Josh Stein, in his [former] capacity as attorney general of North Carolina
3. Susan Wear Kluttz
4. Stephen R Claggett
5. Karin Cochran
6. Cary Cox
7. Kevin Cherry
8. Jane Doe (employee of the North Carolina Maritime Museum)
9. John Doe (employee of the NC Dept. of Natural & Cultural Resources).
10. Jill Doe (employee of the NC Dept. of Natural & Cultural Resources)

The State in its notices has effectively identified the following additional defendants:
1. Jeffrey Neale Jackson
2. Pamela Brewington Cashwell
3. Margrette Kathryn Thompson
4. Jeff Michael
5. Catherine Ann Swain

Friends of Queen Anne's Revenge, a dismissed defendant, is not a party to the appeal and has no attorney of record.